UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :   10 Civ. 6084 (AKH) (THK)
DANNY CHIN,                                   :
                                              :
                          Plaintiff,          :
                                              :
         -against-                            :
                                              :
FLEXIBLE FISH CORP. a/k/a BLUE RIBBON         :
SUSHI, ERIC BROMBERG, BRUCE BROMBERG          :
and TOMMY WONG,                               :
                                              :
                          Defendants.         :
                                              X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION OF DEFENDANTS
TO DISMISS THE COMPLAINT**


KANE KESSLER, P.C.
Attorneys for Defendants
1350 Avenue of the Americas
New York, New York 10019-4896
(212) 541-6222

# **TABLE OF CONTENTS**

**Defendant's Memorandum of Law in Support of Motion to Dismiss the Complaint**

Table of Authorities ................................................................................................. 3-4

Preliminary Statement ................................................................................................. 5

Procedural History ....................................................................................................... 5

Statement of Facts ....................................................................................................... 5

Argument ..................................................................................................................... 5

I.  Defendant's Motion to Dismiss Should be Granted Where the Complaint Fails to Allege Any Facts Entitling Plaintiff to the Relief Sought .................... 5

II. Plaintiff's Claims Under the Fair Labor Standards Act Are Barred By The Statute of Limitations and Must Be Dismissed As Untimely ..................... 7

III. The State Law Wage and Hour Claims Should be Dismissed As The Court May Decline Supplemental Jurisdiction ................................................. 7

Conclusion ................................................................................................................... 8

# Table of Authorities

Page(s)

**CASES**

Acosta v. Yale Club, 1995 WL 600873, *3 (S.D.N.Y. October 12, 1995) ................................... 7

Allen v. WestPoint-Pepperell, Inc.,
   945 F. 2d 40 (2d Cir. 1991) .................................................................................................... 6

Birch v. Pioneer Credit Recovery, Inc.,
   2007 WL 1703914 (W.D.N.Y. June 8, 2007) ........................................................................ 8

Bishop v. King & Spalding,
   467 U.S. 69, 104 S. Ct. 2229 (1984) ...................................................................................... 6

Carter v. Stanton,
   405 U.S. 669, 92 S. Ct. 746 (1972) ........................................................................................ 6

Chambers v. Time Warner, Inc.,
   282 F. 3d 147 (2d Cir. 2002) .................................................................................................. 6

City of Los Angeles v. Preferred Communications, Inc.,
   476 U.S. 488, 106 S. Ct. 2034 (1986) .................................................................................... 6

Cohen v. Koenig,
   25 F. 3d 1168 (2d Cir. 1994) .................................................................................................. 6

Colon v. City of New York,
   2009 WL 1424169 (S.D.N.Y. May 21, 2009) ........................................................................ 8

Conley v. Gibson,
   355 U.S. 41, 78 S. Ct. 99 (1957) ............................................................................................ 6

Darcy v. Lippman,
   2008 WL 629999 (S.D.N.Y. March 10, 2008) ....................................................................... 8

Dulay v. United Technologies Corp., 1994 W.L. 362149, *1 (D. Conn. June 10, 1994) ............... 6

Franklin v. New York Law Publishing Co.,
   1995 WL 408390 (S.D.N.Y. July 11, 1995) .......................................................................... 7

Gebhardt v. Allspect, Inc.,
   96 F. Supp. 2d 331 (S.D.N.Y. 2000) ...................................................................................... 6

International Audiotext Network, Inc. v. AT&T,
   62 F. 3d 69 (2d Cir. 1995) ...................................................................................................... 6

Jouthe v. City of New York,
   2009 WL 701110 (E.D.N.Y. March 10, 2009) .................................................................. 8

Lee v. ABC Carpet & Home,
   236 F.R.D. 193 (S.D.N.Y. 2006) ....................................................................................... 7

Nealy v. Berger,
   2009 WL 704804 (E.D.N.Y. March 16, 2009) .................................................................. 8

Pollis v. The New School for Social Research,
   132 F. 3d 115 (2d Cir. 1997) ............................................................................................. 7

Simpri v. City of New York,
   2003 WL 23095554 (S.D.N.Y. Dec. 30, 2003) ................................................................. 7

Walker v. Time Life Films, Inc., 784 F. 2d 44, 52 (2d Cir.1986) ............................................. 8

Watterson v. Page,
   987 F. 2d 1 (1st Cir. 1995) ................................................................................................ 6

**STATUTES**

28 U.S.C. §1367 (c) (3) .............................................................................................................. 8

Fair Labor Standards Act, 29 USC §201, et. seq. ("FLSA") ................................................ 5, 7

**OTHER AUTHORITIES**

29 C.F.R. §790.21(b) .................................................................................................................. 7

Fed. R. Civ. Pro. 12 (b)(6) ................................................................................................. 5, 6, 8

## PRELIMINARY STATEMENT

Defendants Flexible Fish Corp. d/b/a Blue Ribbon Sushi, Eric Bromberg, Bruce Bromberg and Tommy Wong ("defendants") submit this Memorandum of Law in support of their motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. Pro. 12 (b)(6). Defendants submit that the Complaint must be dismissed as a matter of law on the ground that plaintiff's claims under the Fair Labor Standards Act, 29 USC §201, et. seq. ("FLSA") are barred by the statute of limitations. Accordingly, the pendent state law causes of action may be dismissed.

## PROCEDURAL HISTORY

On August 13, 2010, plaintiff commenced the present action in the Southern District Court of New York (Lachman Aff. ¶6, Ex. D) ("Lachman Aff." refers to the Affidavit of Donna Lachman; "Ex." refers to the Exhibits attached thereto). The First and Third Causes of Action in the Complaint allege violations of the minimum wage and overtime provisions of the FLSA.

## STATEMENT OF FACTS

Plaintiff is an individual who was employed by defendant as a server at Blue Ribbon Sushi commencing on or about May 23, 2005 (Lachman Aff.¶3, Ex.A). Plaintiff's last day of employment was January 4, 2007, and he received his last paycheck on or about January 19, 2007 (Lachman Aff.¶¶ 4,5, Exs. B, C).

## ARGUMENT

### POINT I

**DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED WHERE THE COMPLAINT FAILS TO ALLEGE ANY FACTS ENTITLING PLAINTIFF TO THE RELIEF SOUGHT**

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b) (6) must be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

5

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). See also, Cohen v. Koenig, 25 F. 3d 1168, 1172 (2d Cir. 1994); Dulay v. United Technologies Corp., 1994 W.L. 362149, *1 (D. Conn. June 10, 1994). In deciding a motion to dismiss, the Court must accept as true the factual allegations of a well-pleaded complaint. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493, 106 S. Ct. 2034 (1986). The motion must be granted if "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the Complaint. Bishop v. King & Spalding, 467 U.S. 69, 63, 104 S. Ct. 2229 (1984). To avoid dismissal, the nonmoving party must do more than plead "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000).

Generally, a Rule 12(b) (6) motion is based on the allegations of the Complaint. Allen v. WestPoint-Pepperell, Inc., 945 F. 2d 40, 44 (2d Cir. 1991). However, the Complaint is deemed to include any exhibits attached to it and any documents or statements incorporated in it by reference. International Audiotext Network, Inc. v. AT&T, 62 F. 3d 69, 72 (2d Cir. 1995). Even if documents are not annexed or incorporated in the Complaint, if the parties do not dispute the authenticity of the documents or the documents are central to plaintiff's claim, the Court may treat them as part of the pleadings and dispose of the matter pursuant to Rule 12. Watterson v. Page, 987 F. 2d 1 (1st Cir. 1995). Alternatively, if evidence outside the pleadings is considered, the motion is converted to one for summary judgment. Carter v. Stanton, 405 U.S. 669, 92 S. Ct. 746 (1972); Chambers v. Time Warner, Inc., 282 F. 3d 147 (2d Cir. 2002).

As will be explained below, plaintiff can allege no set of facts which would entitle him to relief and the Complaint should be dismissed in its entirety.

## POINT II

## PLAINTIFF'S CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ARE BARRED BY THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED AS UNTIMELY

Section 255(a) of the FLSA provides that a cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." An action seeking payment of the minimum wage or overtime compensation accrues when the employer fails to pay the required compensation then due on a regular payday. 29 C.F.R. §790.21(b); Pollis v. The New School for Social Research, 132 F. 3d 115, 119-120 (2d Cir. 1997); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) citing Acosta v. Yale Club, 1995 WL 600873, *3 (S.D.N.Y. October 12, 1995); Franklin v. New York Law Publishing Co., 1995 WL 408390, *1 (S.D.N.Y. July 11, 1995). Thus, the limitations period accrues on the date of the payment of the last paycheck. Simpri v. City of New York, 2003 WL 23095554,*7 (S.D.N.Y. Dec. 30, 2003).

As Plaintiff received his last paycheck on January 19, 2007, and filed the Complaint on August 13, 2010, his claims under the FLSA are time-barred even under the three-year statute of limitations. (Lachman Aff. ¶¶4, 5, Exs. B, C). Accordingly, the Complaint should be dismissed as to the FLSA claims.

## POINT III

## THE STATE LAW WAGE AND HOUR CLAIMS SHOULD BE DISMISSED AS THE COURT MAY DECLINE SUPPLEMENTAL JURISDICTION

The supplemental jurisdiction statute provides that a district court may decline to exercise jurisdiction over supplemental state-law claims if the court has dismissed all claims over which it

has original jurisdiction. 28 U.S.C. §1367 (c) (3). Should the Court grant defendants' Motion to Dismiss on plaintiff's federal cause of action under the Fair Labor Standards Act, and decline to exercise supplemental jurisdiction over the remaining state-law claims, the Court may dismiss such claims without prejudice. Colon v. City of New York, 2009 WL 1424169 *9 (S.D.N.Y. May 21, 2009). "[I]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" Birch v. Pioneer Credit Recovery, Inc., 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting Walker v. Time Life Films, Inc., 784 F. 2d 44, 52 (2d Cir.1986); Nealy v. Berger, 2009 WL 704804 *10 (E.D.N.Y. March 16, 2009); Jouthe v. City of New York, 2009 WL 701110 *22 (E.D.N.Y. March 10, 2009); Darcy v. Lippman, 2008 WL 629999 *18 (S.D.N.Y. March 10, 2008).

## CONCLUSION

For all of the foregoing reasons, defendants respectfully submit that their motion to dismiss the Complaint should be granted and the Complaint be dismissed in whole, together with such other and further relief as to the Court may seem just, proper and equitable.

Dated:	New York, New York
	September 9, 2010

>	Respectfully submitted,
>	KANE KESSLER, P.C.
>	Attorneys for Defendants Flexible Fish Corp. d/b/a
>	Blue Ribbon Sushi, Eric Bromberg, Bruce
>	Bromberg and Tommy Wong
>
>	By: _____
>	Lois M. Traub (LMT 9977)
>	1350 Avenue of the Americas
>	New York, New York 10019
>	(212)541-6222

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK      )
COUNTY OF NEW YORK  ) ss.:

      I, Doris Guntner, being duly sworn, say:

      I am not a party to the within action, am over 18 years of age, and reside at Freeport, New York.

      On September 9, 2010, I served the within:

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANTS TO DISMISS THE COMPLAINT**

via Federal Express mail, by depositing a true copy of the same in a properly addressed envelope, in a Federal Express mail box located at 1350 Avenue of the Americas, New York, New York 10019, addressed to the following:

    Scott A. Lucas, Esq.
    Law Offices of Scott A. Lucas
    250 Park Ave., 20th Fl.
    New York, NY 10177

                                                    Doris Guntner

Sworn to before me this
9th day of September, 2010

_____
Notary Public

CARA M. BROWNELL
Notary Public, State of New York
No. 01BR6003836
Qualified in Kings County
Commission Expires March 9, 2014

9