Scott A. Lucas (SL-6316)
Law Offices of Scott A. Lucas
250 Park Avenue
20th Floor
New York, New York 10177
(212) 983-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| DANNY CHIN, | 10-cv-6084 (AKH) (THK) |
| *Plaintiff*, | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| -against- | |
| FLEXIBLE FISH CORP. a/k/a BLUE RIBBON SUSHI, ERIC BROMBERG, BRUCE BROMBERG and TOMMY WONG, | |
| *Defendants*. | |

---------------------------------------------------------X

Plaintiff Danny Chin, by his attorneys, the Law Offices of Scott A. Lucas, respectfully submits this Memorandum of Law in Opposition to Defendants' pre-Answer motion to dismiss. As detailed below, Defendant's motion should be denied.

**Background**

Plaintiff Danny Chin is a former wait staff employee of Defendants who is seeking to recover unpaid minimum wages, unpaid

overtime and unlawfully misappropriated tips for violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") articles 6 and 19 (§ 190, *et seq.* and § 650, *et seq.*  See the Complaint (annexed as Ex. "D" to the September 7, 2010 moving Affidavit of Donna Lachman).

Defendants' motion does raise one valid point, and it is not an insignificant point; namely, that Plaintiff's final month of employment was erroneously identified in the Complaint as January 2008 when, in fact, it was January 2007.[1]  Nonetheless, dismissal at this juncture would be inappropriate because the Complaint alleges facts which would support the application of equitable tolling to Plaintiffs' Fair Labor Standards Act ("FLSA") claims.  Specifically, the Complaint alleges that Defendants failed to post the minimum wage and overtime information required by 29 C.F.R. 516.4, which provides, in pertinent part:

> Every employer employing any employees subject
> to the Act's minimum wage provisions shall post
> and keep posted a notice explaining the Act, as
> prescribed by the Wage and Hour Division, in
> conspicuous places in every establishment where
> such employees are employed so as to permit
> them to observe readily a copy.

---

[1]  The Complaint has been Amended as of right to correct this error (see Lucas Decl. Ex. "A"), but that amendment does not affect the issue to be decided, i.e., whether the equitable tolling issue should be decided adversely to Plaintiff before discovery and before Defendants have served an Answer.

See Complaint ¶ 58 (annexed as Ex. "D" to the Affidavit of Donna Lachman dated September 7, 2010 ["Lachman Aff."]) and Amended Complaint ¶ 58 (annexed as Ex. "A" to the Declaration of Scott A. Lucas dated September 23, 2010 ["Lucas Decl."]).

The Complaint also alleges that Plaintiff did not become aware of his FLSA rights until the Spring of 2010.  See Complaint ¶ 58 (Lachman Aff. Ex. "D") and Amended Complaint ¶ 58 (annexed as Lucas Decl. Ex. "A").

The Complaint also alleges facts which tend to explain why Defendants wanted to prevent Plaintiff from being aware of his minimum wage and overtime rights; namely, that Defendants were not paying Plaintiff any wage whatsoever, but rather only a portion of his tips, and therefore sending him a check each pay period in the amount of zero ($0).  See Complaint ¶¶ 53-58 (Lachman Aff. Ex. "D") and Amended Complaint ¶¶ 53-58 (annexed as Lucas Decl. Ex. "A").

Defendant has not denied any of these allegations. Nevertheless, they seek dismissal based solely on the fact that the FLSA's statute of limitations is two to three years and Plaintiff's employment with Defendants ceased in January 2007.

# POINT I

## Plaintiff's FLSA Claims Are Not Necessarily Time-Barred Since Plaintiff Has Alleged Facts Which, If Proved, Would Support The Application Of Equitable Tolling

Defendant's failure to post notice of Plaintiff's FLSA rights as required under 29 C.F.R. § 516.4 equitably tolls the FLSA's statute of limitations and Plaintiff did not become aware of his rights until the Spring of 2010.

The statute of limitations/equitable tolling issue in this case is the same as the statute of limitation/equitable tolling issue in *Baba v. Grand Central Partnership, Inc.*, 2000 WL 1808971 (S.D.N.Y.), another FLSA case where the Plaintiffs would have been barred by the FLSA's three year statute of limitations but alleged that the Defendant failed to comply with the posting requirements of 29 C.F.R. § 516.4. *Id.*, at *1 ("it is conceded that, in the absence of any tolling, plaintiffs' claims would be barred even by the three-year statute of limitations for willful violations.").

In rejecting the employer's argument that the FLSA claims were time-barred as a matter of law, Judge Griesa stated "There is authority to the effect that the failure to post the required notice equitably tolls the statute of limitations unless and until an employee has actual notice of his

rights."  *Id.* at *2 (citing *Kamens v. Summit Stainless, Inc.,* 586 F.Supp. 324, 328 (E.D.Pa.1984)).

Noting the existence of unresolved fact issues relating to whether those plaintiffs previously gained awareness of their FLSA rights due to the filing of a prior, related case by similarly situated group of plaintiffs, Judge Griesa denied summary judgment with leave to renew after the completion of discovery.  *Baba*, *supra*, 2000 WL 1808971, *2 ("In view of these circumstances, the court rules that the portion of the summary judgment motion relating to equitable tolling is denied, with leave to renew upon a fuller record following discovery relating to this issue.").

Denial of Defendant's motion is even more compelling here than it was in *Baba* because the Defendants here -- unlike the Defendants in *Baba* – have <u>not even denied</u> the allegation that they failed to comply with the posting requirements of 29 C.F.R. § 516.4.  In addition, there has been no answer and no discovery.

Finally, it should be noted that Baba is in line with the other cases in this District on the issue holding that "failure to comply with the regulatory obligation to disclose the existence of a cause of action ... is the type of concealment that entitles plaintiff to equitable tolling of the statute of limitations."  *Saunders v. City of New York*, 594 F. Supp. 2d 346, 359

(S.D.N.Y. 2008), quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund,* 393 F.3d 318, 324 (2d Cir.2004); *See also Iglesia-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ("[T]he failure to post the required notice equitably tolls the statute of limitations unless and until an employee has actual notice of his rights."); *Sipas v. Sammy's Fishbox, Inc.*, 2006 WL 1084556, n.4 (S.D.N.Y. 2006) (granting motion for notice to potential opt-in plaintiffs for entire 7-year period because "the Court does not currently have enough facts to rule out equitable tolling.").

  Plaintiff's position would permit the equitable tolling issue to be decided based on the <u>facts</u>. Defendants' position would foreclose any fact-based determination of this issue.

**Conclusion**

  Wherefore, it is respectfully requested that Defendants' pre-Answer motion to dismiss be denied.

Dated: New York, New York
    September 23, 2010

               _____
                Scott A. Lucas